Coughron et al. *v.* Swift.

WASHINGTON COUGHRON *et al.*, Plaintiffs in Error, *v.* RICHARD K. SWIFT, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

A party cannot have a footing in a court of equity, where his remedy is adequate at law.

THE opinion of the court gives a statement of the case.

A final decree, upon bill, answers, exhibits, and proofs, was rendered by J. M. WILSON, Judge, at the April vacation term, 1856, of the common pleas court, for complainant, ordering that injunction be made perpetual, and that Coughron be restrained from collecting the judgment of seventh September, 1848, and that Church, the sheriff, be enjoined from making deed, etc.

W. T. BURGESS, for Plaintiffs in Error.

B. S. MORRIS; and SHUMWAY, WAITE & TOWNE, for Defendants in Error.

SKINNER, J. This was a bill in equity, by Swift, against Coughron, Gates and Church.

The bill alleges that Gates, being indebted to Swift, to secure the payment of the debt, on the 18th day of April, 1846, conveyed certain premises to Buckner S. Morris, in trust, to sell and convey the same, for the satisfaction of this debt; that Morris, in execution of the trust, on the 17th day of June, 1847, sold and conveyed the same to Swift; that Swift afterward, by deed containing covenants of general warranty, conveyed the same to one Gutcheus; that Gates, also, on the 1st day of October, 1846, conveyed the same to Swift; that the same premises were formerly owned by one Steele, prior to the title of Gates, and that they were sold on execution, issued upon a judgment against Steele, and which was a lien upon the premises, and on the 16th day of July, 1847, by virtue of said judgment, execution and sale, conveyed to one Hubbard; that Hubbard afterward conveyed the same to Swift; that Coughron, on the 7th day of September, 1848, filed in the proper court, against Gates, a petition for a mechanic's lien against the same premises, alleging that Gates, in December, 1846, claiming to own the premises, employed Coughron to perform labor in the erection of a building thereon, at the agreed price of one and a half dollars per day, and without any agreement as to the time of payment; that in pursuance thereof, Coughron did, from thence up to the

middle of January, 1847, perform labor upon said building, to the amount of $128.25, and that upon the termination of the labor, the parties agreed that time of payment therefor should be extended to the first day of January, 1848; that on the day of the filing of said petition, judgment by confession was entered therein against Gates, for the amount claimed, with an order for a special execution against the premises; that execution was issued, and was afterward stayed, by order of court; that on the 30th day of October, 1848, the court, in which the judgment was recovered, on application of Gutcheus, ordered that the judgment be vacated, and Gutcheus be let in to defend against the mechanic's lien; that on the 1st day of March, 1850, the court, on motion of Gutcheus, ordered the cause to be stricken from the docket, and entered judgment against Coughron for costs; that on the 15th day of November, 1850, the court, on application of Coughron, set aside the order vacating the judgment, and ordered that execution issue upon said judgment; that execution issued, accordingly, and the premises were sold to Coughron. The bill also alleges, that at the time Coughron performed the labor, Gates had no interest in the premises, and that before then he had conveyed his entire interest therein to Swift and to Morris; charges that the mechanic's lien proceeding was fraudulent, and prays that the judgment and sale be canceled, that Coughron be enjoined from taking anything thereunder, and that Church, the sheriff, who made the sale, be enjoined from executing a deed under the execution sale.

It is difficult to imagine how Swift, upon his own showing, can demand the aid of a court of equity. He can claim the interposition of equity only upon facts, alleged by his bill, entitling him to relief, if true, and upon those facts, even upon the final hearing, he must stand or fall.

This bill not only shows that Gates had no interest in the premises, against which a lien could attach, but states distinctly that no interest existed in Gates, against which Coughron could obtain a lien. It shows that Swift had obtained three several conveyances of the premises, each of which overreached, and in effect were prior to, the contract for, or the performance of, the labor in the petition for mechanic's lien alleged. Swift was not a party to the lien proceeding, and his title derived by deed directly from Gates, by deed, under the trust sale, made by virtue of the deed of trust from Gates to Morris, and by deed from Hubbard, each, from his own showing, is prior, in legal effect, to any possible lien shown by the petition, in favor of Coughron against the premises.

His title is shown to be perfect and paramount, as against all persons claiming under the mechanic's lien proceeding, or

the judgment by confession against Gates; and the remedy at law of all claiming under the deed to Gutcheus—if any is needed, is ample, unembarrassed, and unobstructed, and it is wholly indifferent to him whether the judgment is fraudulent, or whether the action of the court, in vacating, or in reinstating the judgment, or in ordering execution to issue thereon, was void or valid.

The apparent object of the bill is to remove a supposed incumbrance, or fraudulent title, adverse to the title of Swift, held by Gutcheus under conveyance, with warranty from Swift, and thereby avoid a breach of Swift's warranty, and any consequent recourse on him; but his apprehension, by his own showing, is imaginary and groundless, and he can have no footing in a court of equity, where, as in this case, the remedy for the vindication of the rights of his grantee, or those claiming under his titles, is adequate at law, and free of difficulty or obstruction.

This principle is too plain for argument or authority.

The decree below is reversed, for want of equity upon the face of the bill.

*Decree reversed.*