THE PEOPLE OF THE STATE OF NEW YORK, Appellants, *v.* WILLIAM WASSON, impleaded, etc., Respondent.

Under the provisions of the act of 1868 (chap. 520, Laws of 1868), providing for the payment of damages sustained by certain parties in the draining of the Cayuga marshes, an award was made by the canal appraisers to defendant V. who assigned the same to defendant W. This action was brought to set aside the award, on the ground that it was made by fraud and collusion between V. and the appraisers, and also for want of jurisdiction. *Held,* that as by said act the right of appeal to the canal board was given to either party, and as there was no allegation or proof that an appeal was prevented by fraud, collusion, accident or mistake, also as by various statutes ample power was given to the canal board to grant plaintiffs all the relief sought (chap. 368, Laws of 1829; chap. 201, Laws of 1840; chap. 836, Laws of 1866; chap. 579, Laws of 1868), a resort to an independent action was improper.

The complaint also alleged the commencement of proceedings by defendant W. to enforce payment of the award, and asked that he be enjoined from prosecuting such proceedings. *Held,* that as any defence, legal or equitable, going to the validity of the award, could have been set up by return to the writ, and as there was no allegation or proof that plaintiffs' rights could not be fully protected in the mandamus proceedings, those proceedings could not be enjoined by suit.

(Argued January 31, 1876; decided February 8, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiffs, entered upon the report of a referee, and directing judgment for defendants (plaintiff having waived the right to a new trial).

This action was brought to set aside an award made by the canal appraisers in favor of defendant Voorhees, on the ground

of fraud and collusion, and also that as to some of the items the appraisers had no jurisdiction. The complaint also alleged that proceedings had been commenced by defendant Wasson, who claimed the said award by assignment from Voorhees to procure the issuing of a writ of peremptory mandamus to compel the payment of said award, and asked that the prosecuting of such proceedings be enjoined.

The referee found the making of the award by the canal appraisers under the act chapter 520, Laws of 1868, but negatived the allegations of fraud. He also found that no sufficient notice of the hearing before the appraisers was given to the commissioner in charge, also that no appeal was taken by either party to the canal board. Upon the ground of the want of notice he held that the award should be set aside, and that the fact that the canal commissioner did not appeal did not preclude plaintiffs from maintaining the action and he thereupon directed judgment vacating the award and enjoining the mandamus proceedings.

*E. W. Paige* for the appellants. The award was void. (*Rogers* v. *Bradshaw*, 20 J. R., 735, 744; *Elmendorf* v. *Harris*, 23 Wend., 628; *Sharp* v. *Johnson*, 4 Hill, 92, 98; *Owners of Ground* v. *Mayor of Albany*, 15 Wend., 374; *Jordan* v. *Hyatt*, 3 Barb., 275, 282, 283; *Butler* v. *Mayor of N. Y.*, 1 id., 325; 7 Hill, 329; *Borrowe* v. *Milbank*, 3 Abb. Pr., 28.) The award being void this action would lie. (2 Story's Eq. Jur., §§ 1450, 1452: *Butler* v. *Mayor of N. Y.*, 7 Hill, 329; *Dobson* v. *Pearce*, 2 Kern., 164; *Cleland* v. *Hidly*, 5 R. I., 163; *Skipworth* v. *Skipworth*, 9 Beav., 135; Watson on Arbitration and Award, chap. 9, p. 3202; *Sumpter* v. *Lipe*, Dickens, 497.)

*Eugene Burlingame* for the respondent. The canal appraisers had jurisdiction of the subject-matter of the claim under chapter 520, Laws of 1868. (*People ex rel. Jermain* v. *Thayer*, 63 N. Y., 348; *Danforth* v. *Snyder*, 4 Comst., 66.) The fact that the amended claim was not filed within

one year after the passage of the act of 1868, could not, under the facts of the case, affect the validity of the award. (*Hardman* v. *Bowen*, 39 N. Y., 196; *Dawson* v. *People*, 25 id., 399; *Barnes* v. *Badger*, 41 Barb., 99; *People* v. *Cook*, 14 id, 259; *Thomas* v. *Clapp*, 20 id., 167; *People* v. *Allen*, 6 Wend., 486; *People* v. *Halley*, 12 id., 481; *Ex parte Heath*, 3 Hill, 43; *Stryker* v. *Kelly*, 7 id., 9; *Marchant* v. *Langworthy*, 6 id., 646; *Gale* v. *Mead*, 2 Den., 160; *Pond* v. *Negus*, 3 Mass., 230; *Jackson* v. *Young*, 5 Cow., 259; *In re M. and H. R. R. Co.*, 19 Wend., 143; 1 Kent's Com., 465; *Rex* v. *Loxdale*, 1 Burr., 447; *Johnson* v. *A. and S. R. R. Co.*, 54 N. Y., 417; *Waltmire* v. *Westover*, 14 id., 16; *Morey* v. *Farmers' Loan Co.*, id., 302; *Arthurton* v. *Dalley*, 20 How., 311.) The State having recognized the validity of the award and waived all objection to the filing of the amended claim, is estopped from maintaining this action. (*Hartwell* v. *Root*, 19 J. R., 345; *Jackson* v. *Shafer*, 11 id., 517; 3 East, 192; 10 id., 216; 1 Greenl. Ev., § 40; *People* v. *Carpenter*, 24 N. Y., 86; *Leland* v. *Cameron*, 31 id., 115; *Jackson* v. *Cole*, 4 Cow., 587; *Tompkins* v. *Lee*, 59 N. Y., 662; *Hubbard* v. *Hubbard*, 61 Ill., 228; 3 R. S. [5th ed.], 866, § 13; *U. S.* v. *Barker*, 4 Wash. C. C. R., 464; 12 Wheat., 559; *Bk. of U. S.* v. *U. S.*, 24 How. [U. S.], 711; *U. S.* v. *Bk. of Metropolis*, 15 Pet., 377; *U. S.* v. *Wilder*, 3 Sum., 308; *Darnington* v. *Bk. of Alabama*, 13 How. [U. S.], 12; *Brisco* v. *Bk. of Comm. of Ky.*, 11 Pet., 257; *People* v. *Phœnix Bk.*, 4 Bos., 363; *People* v. *Canal Bd.*, 55 N. Y., 395; *Creath* v. *Sims*, 5 How. [U. S.], 192; *People* v. *Stephens*, 52 N. Y., 306; *Barnes* v. *Badger*, 41 Barb., 98; *Lee* v. *Tillotson*, 24 Wend., 337; *Root* v. *Wagner*, 30 N. Y., 9, 17, 153; *Buel* v. *Trustees, etc.*, 3 id., 197; *Embury* v. *Conner*, id., 511; *Baker* v. *Braman*, 6 Hill, 47.) The State not having appealed to the canal board this action cannot be maintained. (Laws 1868, chaps. 520, 579; Laws 1829, chap. 368, § 3; Laws 1866, chap. 836; Laws 1840, chap. 201; 1 Greenl. Ev., § 40; *Le Guen* v. *Gouveneur*, 1 J. Cas., 439, 492; *Foster* v. *Wood*, 6 id., 87; *Dobson* v. *Pearce*, 12 N. Y.,

156–165; Wil. Eq. Jur. [Potter's ed.], 160, 161; 2 Abb. New Dig., 770; *Norton* v. *Wood,* 5 Paige, 249; *Foster* v. *Millner,* 50 Barb., 386; *Tappen* v. *Heath,* 1 Paige, 293; *Schræppell* v. *Shaw,* 3 N. Y., 446; *Vilas* v. *Jones,* 1 id., 274; *Stillwell* v. *Carpenter,* 59 id., 414; *Dudley* v. *Mayhew,* 3 id., 9–16; *Alney* v. *Harris,* 5 J. R., 175; *Edwards* v. *Davis,* 16 id., 281; *People* v. *Carrington,* 2 Wend., 287; *Church* v. *Suprs. Alleg. Co.,* 15 id., 197; *In re Mt. Morris Square,* 2 Hill, 27; *People ex rel. S. and U. H. R. R. Co.* v. *Betts,* 55 N. Y., 600; *N. Y. C. R. R. Co.* v. *Marvin,* 11 id. 276; *McAllister* v. *Albion Plk. R. Co.,* 10 id., 353.)

*Per Curiam.* The plaintiffs seek to have the award declared void, on account of fraud and want of jurisdiction in the appraisers; and they also ask to restrain its enforcement, alleging that Wasson had made a motion in the Supreme Court at Special Term for a peremptory mandamus to compel the auditor to pay it, which was pending and undecided at the commencement of this action.

We think there are two answers to this action : 1. The statute (Laws of 1868, chap. 520), under which jurisdiction was conferred upon the appraisers to hear and decide these claims, gives to either party the right to appeal to the canal board, as in other cases. There is no allegation or proof that the appeal was prevented by fraud, collusion, accident or mistake. The canal board had ample power, by various statutes, to grant plaintiffs all the relief they could obtain in this action. (Laws of 1829, chap. 368; Laws of 1840, chap. 201; Laws of 1866, chap. 836; Laws of 1868, chap. 579.) Having this easy and simple remedy provided by law for all the grievances of which they complain, plaintiffs should not have resorted to an independent action. 2. Wasson had commenced proceedings to enforce payment of the award by mandamus. In those proceedings the auditor, on behalf of the State could have set up, in his return to the writ, any defence, legal or equitable, which the State had, going to the validity of the award. There are no allegations in the com-

plaint and no proof that plaintiff's right could not be perfectly protected in those proceedings, and they should not, therefore, be enjoined by a suit in equity.

Judgment affirmed, with costs.

All concur.

Judgment affirmed.