ALLEN HOPKINS, APPELLEE, V. C. L. KELLER,
APPELLANT.

Roads: DAMAGES: APPEAL. Where a public road has been duly
laid out, a claim for damages made by a land-owner and allowed,
and no appeal taken, a court of equity will not enjoin the open-
ing of the road upon the ground that the damages allowed such
land-owner were inadequate.

APPEAL from district court of Antelope county. Heard
below before TIFFANY, J.

S. D. Thornton and Thos. O'Day, for appellant.

D. A. Holmes, for appellee.

MAXWELL, J.

This is an action to enjoin the defendant as overseer of
roads from opening a public road laid out on the plaintiff's
land. A perpetual injunction was granted in the court
below. The defendant appeals.

It is alleged in the petition in substance that on the 13th
day of September, 1882, the plaintiff was the owner of the
south-east quarter of sec. one, in township twenty-four
north, range five west, in Antelope county, and still is the
owner of said land; that in March, 1882, P. Michaelson
and other residents of said county presented a petition duly
signed by twenty electors of said county residing within
five miles of the proposed road, for the establishment of a
road over and across said tract of land; that a commis-
sioner was duly appointed to examine into the expediency
of establishing said road, who proceeded to examine said
proposed route and located a road thereon, "but did not
lay out said road as required by law, showing the proposed
course of said road by bearing stakes;" that within the
time required by law after the report of said commissioner

was filed with the county clerk, the "plaintiff filed with said clerk his claim for damages in the sum of $600.00 by reason thereof;" that appraisers were thereupon duly appointed to appraise said damages, who afterwards appraised the same at the sum of $108, that said appraisers were not furnished by the "clerk with a correct plat of the proposed road, and had no means of knowing the exact route of said proposed road, except as the same was pointed out to them by John Hunt, one of the petitioners for said road, and ʒhat said Hunt did not indicate to said appraisers the proposed route of said road as it is shown by the field notes," and said appraisers in estimating the damages sustained by the plaintiff did not consider "the necessary removal by this plaintiff of his fences on said premises along the proposed route of said road," by reason whereof the damages awarded the plaintiff were much less than they otherwise would have been; that afterwards the plaintiff presented to the commissioners a remonstrance duly signed by about twenty-one electors of said county residing within five miles of said proposed road, but said board refused to act upon said remonstrance, although signed by three electors who had signed the petition for said road, but on the contrary ordered the establishment of said road.

It is also alleged that afterwards the plaintiff presented a petition duly signed for the vacation of said road, but the commissioners refused to vacate the same; that a road runs along the east line of said land which has been in use fifteen years; that said road is located at the nearest point "about 30 rods, and at the farthest about 66 rods from the proposed road across plaintiff's land;" that "along the west line of plaintiff's said land distant from 100 to 130 rods from said proposed road, a laid out road which has been in public use about one and one-half years is located;" that said roads are sufficient to accommodate all persons who would travel over the route sought to be enjoined; that the proposed road if opened, will necessitate the removal by the

plaintiff of a large amount of fence enclosing plaintiff's pasture, and materially interfere with the use by plaintiff of the water of the creek which runs through said premises, and destroy the symmetrical proportions of said farm, etc.

This is not a proceeding in error to review the action of the county board in establishing the road, but an action in equity to enjoin the opening of one, so far as appears legally established and in which a claim for damages was duly made and allowed. Under such circumstances, it will require a strong case to justify the interposition of a court of equity.

Upon a petition duly signed as required by law for the location or vacation of a public road, the county commissioners are duly invested by the statute with authority in the premises. The extent to which error will lie to the district court to correct their proceedings is not now before the court and need not be considered; but in the absence of some equitable grounds for relief, such as fraud, corruption, or undue means, error cannot be corrected by injunction. *McClelland v. Miller*, 28 O. S., 488. *Frevert v. Finfrock*, 31 Id., 627.

In the case last cited it is said "for a stronger reason, where the regularity of the proceedings is the ground of objection, the claimant will not be permitted to resort to the remedy of injunction, but will be confined to his appeal, or if the proceedings are so erroneous as to be reversible, to his petition in error." High on Injunctions, §§ 30, 129, 131. The reason is, the aggrieved party has a full and adequate remedy at law, and has no occasion to resort to a court of equity for redress. *Coe v. Columbus*, 10 O. S., 372. *Coughran v. Swift*, 18 Ill., 414. *Winkler v. Winkler*, 40 Id., 179. *Poage v. Bell*, 3 Rand, 586. *Webster v. Couch*, 6 Id., 519. *Akrill v. Selden*, 1 Barb., 316. *Wooden v. Wooden*, 2 Green's Ch., 429.

Where a full and adequate remedy is provided by statute, a court of equity will not assume jurisdiction and en-

join proceedings under such remedy.    *Brown's Appeal*, 66 Penn. St., 155.    *Wooden v. Wooden*, 2 Green's Ch., 429.

The principal ground of complaint in the petition is, that the damages awarded for the location of the road were inadequate.    But the statute gave the plaintiff the right to appeal to the district court. This, so far as appears, he failed to do.    It would seem therefore, that he was satisfied with the amount of the award.    In any event, the statute gave him a plain adequate remedy, which if he neglected, he cannot now invoke the aid of a court of equity to cure his own laches.    Neither the petition nor proof justify the interposition of a court of equity.    The judgment of the district court is therefore reversed and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.