James MacLaury, as Trustee, etc., Respondent, v. A. Bloomer Hart et al., Appellants.

A court of equity is not at liberty, unless under very exceptional circumstances, to draw to its general·jurisdiction a question remitted to a competent and sufficient authority by express command of a statute.

*It seems*, this court will not review the discretion which grants an injunction temporarily restraining a defendant until final judgment, unless it appears that the plaintiff is not entitled to ultimate relief.

In an action brought to restrain two Protestant Episcopal churches from effecting a consolidation, in accordance with an agreement to that effect made between them, an injunction was granted *pendente lite*. *Held*, error; that as the statute (Chap. 176, Laws of 1876, as amended by chap. 167, Laws of 1880) prescribes the tribunals, and clothes them with authority to determine the question, and requires an agreement as a necessary preliminary to their action, the complaint showed no cause of action cognizable in a court of equity, and the injunction averted no damage save that of a hearing and decision by the statutory tribunals.

(Argued June 18, 1890; decided June 24, 1890.)

Appeal from order of the General Term of the Court of Common Pleas for the city and county of New York, made June 2, 1890, which affirmed an order of Special Term granting an injunction *pendente lite*.

This action was brought by plaintiff, a vestryman of the Protestant Episcopal church of St. Stephen, in the city of New York, as trustee, against the rector, wardens, and vestrymen of said church, and the rector, wardens and vestrymen of the Holy Trinity church, of Harlem, to restrain the carrying out of an agreement for consolidation made by and between the two churches, both of which were incorporated under the laws of this state. It was alleged in the complaint that certain resolutions authorizing the making of the consolidation agreement had been adopted by the vestry of St. Stephen's church fraudulently and illegally, and that the consolidation proposed was against the method and opposed to the wishes of the members of the church.

The provision of the statute as to the consolidation of

religious societies (§ 3, chap. 176, Laws of 1876, as amended by chap. 167, Laws of 1880) is as follows:

"Any two or more of the corporations aforesaid are hereby authorized to unite and consolidate themselves into a single corporation of the denomination to which at least one of such corporations shall belong, in the manner following: The said corporation may enter into an agreement, under their respective seals, for the union and consolidation of the said corporations, setting forth the terms and conditions thereof, the name of the proposed new corporation, the church or denomination to which it shall belong, the names of the persons who shall be church wardens and vestrymen, or elders and deacons or trustees or other officers as the case may be, until the first annual election of the proposed new corporation, and fixing the day of such election. But in the case of the Protestant Episcopal Churches no such agreement shall be valid unless approved by the bishop and standing committee of the diocese in which such churches are situated; and in case of Presbyterian churches, a union under this act shall not be valid unless approved by the presbytery with which such churches are connected. Each of the said corporations may make its separate petition to the Supreme Court in the judicial district in which such corporations are situated for an order for such union and consolidation; setting forth in such petition the reason for such union and consolidation, the agreement made as hereinbefore provided, and a statement of all its property, real and personal, all its debts and liabilities, and the amount and sources of its annual income. Upon such petition from each of such corporations so proposing to be united and consolidated, and upon the said agreement satisfactorily proved or certified, the Supreme Court may, in case it shall deem it proper, make an order for the union and consolidation of such corporations, determining all the terms and conditions and provisions thereof. All parties interested therein may be heard on such petition. When such order is made and entered according to the practice of the court, the said corporations shall be united and consolidated into one corpora-

tion by the name designated in the order, and it shall have all the rights and powers, and be subject to all the obliga- tions of religious corporations under the act to which this is supplementary, and the acts amendatory thereof and supple- mentary thereto."

An injunction was granted restraining the defendants *pendente lite* from effecting a consolidation of said churches, and from selling or agreeing to sell or transfer the real estate of St. Stephen's church.

*Wager Swayne* for appellants. The court below has not jurisdiction of the subject of this action. (*M. A. B. Church* v. *O. S. B. Church*, 46 N. Y. 187; Laws of 1875, chap. 209; Laws of 1876, chap. 176 ; Morawetz on Corp. § 940 ; *Heiser* v. *Mayor, etc.,* 104 N. Y. 68, 72 ; *Dudley* v. *Mayhew*, 3 id. 9, 15 ; *Jessup* v. *Carnegie*, 80 id. 441.; *Brown's Appeal*, 66 Penn. 157; *Janney* v. *Buell*, 55 Ala. 408; *Coleman* v. *Freeman*, 3 Ga. 137; High on Injunctions, § 31.; *People* v. *Wasson*, 64 N. Y. 167 ; *Wallack* v. *Society for Reformation*, etc., 67 id. 23 ; *Savage* v. *Allen*, 54 id. 458; *Mandeville* v. *Reynolds*, 68 id. 528 ; Pom. Eq. Juris. §§ 164, 183 ; *Stuben- rauch* v. *Neyenesch*, 54 Ia. 567; *Gaertner* v. *Fon du Lac*, 34 Wis. 497 ; *Kelsey* v. *King*, 35 Barb. 410; *Schell* v. *Erie R. Co.*, 51 id. 369; *Grant* v. *Quick*, 5 Sandf. 612; *Wenfield* v. *Bacon*, 24 Barb. 154; *E. R. Co.* v. *Ramsey*, 53 N. Y. 647; *Wallack* v. *Society*, 67 id. 23.) The alleged incomplete- ness of the statute does not give jurisdiction to the court below. (Pom. Eq. Juris. § 182.) The action is not main- tainable. (*Greaves* v. *Gouge*, 69 N. Y. 155 ; *Bronson* v. *L. R. R. Co.*, 2 Wall. 283.) The call for the meeting of the sixth of February was sufficient. (Laws of 1813, chap. 60, § 5 ; Laws of 1868, chap. 803, § 15 ; *Granger* v. *O. E. Co.*, 59 Cal. 678; Cook on Stockholders, § 600 ; *Porter* v. *Robinson*, 30 Hun, 209 ; *Sargent* v. *Webster*, 13 Metc. 497; *Stevens* v. *E. M. H. Society*, 12 Vt. 688.) The absence of the defend- ants Jacobs and Smith from the meeting of February sixth does not affect the validity of the resolutions for consolidation.

(*Porter* v. *Robinson*, 30 Hun, 210.)    The plaintiff cannot avail himself of the alleged failure to give sufficient notice to the defendants Jacobs and Smith of the meeting of February sixth.    (*S., etc., P. R. Co.* v. *Thatcher*, 11 N. Y. 102; *People* v. *Peck*, 11 Wend. 604; *In re M. & H. R. R. Co.*, 19 id. 135; *Samuel* v. *Holliday*, 1 Woolw. 400; *Zabriskie* v. *C., etc., R. R. Co.*, 23 How. [U. S.] 381; *Jones* v. *M., etc., T. Co.*, 7 Ind. 547.)    The delegation of power to the committee to execute the agreement for consolidation was valid and the committee did not exceed its powers.    (75 N. Y. 393; 9 Daly, 117; *Hoyt* v. *Thompson*, 19 N. Y. 207; *Olcott* v. *T. R. R. Co.*, 27 id. 546; *Burrill* v. *N. Bank*, 2 Metc. 163.)    The allegation that a majority of the congregation are opposed will not support an injunction.    (*In re St. Ann's Church*, 23 How. Pr. 285; *In re S. B. Society*, 20 id. 324; *M. A. B. Church* v. *O. S. B. Church*, 46 N. Y. 136, 137; *In re S. B. Society*, 20 How. Pr. 325.)   The order is appealable.   (*McHenry* v. *Jewett*, 90 N. Y. 58; *Blossom* v. *Estes*, 84 id. 614; *Reed* v. *Mayor, etc.*, 97 id. 620; *Tolman* v. *S., etc., R. R. Co.*, 92 id. 354; *Equitable* v. *Stevens*, 63 id. 341.)

*David Bennett King* for respondent.    The order appealed from is not reviewable by this court.    (*Paul* v. *Munger*, 47 N. Y. 469; *Calkin* v. *M. O. Co.*, 65 id. 557; *Hatch* v. *W. U. T. Co.*, 93 id. 640; *McHenry* v. *Jewett*, 90 id. 58; *Selchow* v. *Baker*, 93 id. 59; *Anderson* v. *Anderson*, 112 id. 104; *Allen* v. *Meyer*, 73 id. 1; *Haebler* v. *Bernharth*, 115 id. 495.)    The action is properly brought by the plaintiff as trustee, etc., and in order to maintain the action, he need not show that he has demanded that the corporation bring the suit and that it has refused to do so.    (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 55, 59; *Butts* v. *Wood*, 37 id. 317; *Robinson* v. *Smith*, 3 Paige, 222; *Currier* v. *N. Y. S. & B. R. R. Co.*, 35 Hun, 355; *Anderton* v. *Wolf*, 41 id. 571; *Sheridan* v. *S. E. L. Co.*, 38 id. 396; *Kelsey* v. *Sargeant*, 40 id. 450; *Brewster* v. *Hatch*, 4 N. Y. S. R. 617; *Young* v. *Drake*, 8 Hun, 61; Lewin on Trusts, 274; *Robinson* v. *Smith*, 3 Paige, 222, 223; *Stokes* v.

*Phelps' Mission,* 47 Hun, 570; *F. R. P. Church* v. *Bowden,* 14 Abb. [N. C.] 356.) A court of equity has power to restrain the proceedings of the trustees of a religious corporation and annul their acts. (*Wyatt* v. *Benson,* 23 Barb. 327; *In re St. Ann's Church,* 23 How. Pr. 286; *Stokes* v. *Phelps' Mission,* 47 Hun, 570.) The resolutions claimed to have been passed at the special meeting of the vestry of the church of St. Stephen, held on February 6, 1890, were and are illegal and invalid. (Morawetz on Corp. §§ 531, 532; 1 Waterman on Corp. 207, 209; Boone on Corp. § 64; *P. M. Ins. Co.* v. *Westcott,* 14 Gray, 440; Lawson on Usages and Customs, §§ 106, 107; *Kortright* v. *Commercial Bank,* 20 Wend. 91; 22 id. 348; *Sims* v. *U. S. T. Co.,* 248, 540; Angell & Ames on Corp. §§ 344, 368.) Sufficient motives to account for the action of the chief conspirators are clearly shown in the complaint. The circumstances set forth in the complaint and affidavits make it evident that there was a pre-arranged plan and conspiracy. (*Kelly* v. *People,* 55 N. Y. 576; *People* v. *Mather,* 4 Wend. 229, 261.) Under all the authorities the defendants Hart, Mooney, Linen and Cock, were clearly disqualified from voting for the resolutions for consolidation. (*Davoue* v. *Fanning,* 2 Johns. Ch. 252; *Jewett* v. *Miller,* 10 N. Y. 405; *Butts* v. *Woods,* 37 id. 317; *Ogden* v. *Murray,* 37 id. 202; *Munson* v. *S. G. & C. R. R. Co.,* 103 id. 58; *Wardell* v. *R. R. Co.,* 103 U. S. 651.) The rector, wardens and vestrymen of the church of St. Stephen are, under the law, trustees of the corporation, and their acts as trustees are subject to the same rules as are the acts of trustees of other corporations, and they can no more use their position as such trustees to promote their own interests than can the directors of a bank or of a railroad company use their positions for a transaction with their corporation for their own benefit. (*Robertson* v. *Bullions,* 11 N. Y. 243; 45 Barb. 356, 357; *In re M. E. Society* v. *Perry,* 51 Hun, 104.) The improper and unlawful suppression, concealment and misrepresentations of the objects of the meeting show that the defendants Hart, Mooney, Linen and Pike were influenced by

improper motives, besides being disqualified by reason of interest from voting for the scheme of consolidation. (*Armstrong* v. *Edwards*, 95 Ind. 422; *People* v. *A. & S. R. Co.*, 55 Barb. 344; Wilcox on Corp. 51; *People* v. *Peck*, 11 Wend. 604.) The vestry of the church of St. Stephen had no right to undertake a consolidation, which would practically and wholly destroy the church, and remove its place of worship, and transfer the property to another church several miles away, against the wishes of the members of the church and congregation which constituted the corporation. (Laws of 1876, chap. 176; Laws of 1875, chap. 209, § 4; *Robertson* v. *Bullions*, 11 N. Y. 243; *Walker* v. *Wilcox*, 66 id. 655; *P. Bank* v. *S. A. R. C. Church*, 109 id. 512; Morawetz on Corp. § 512; *In re S. G. M. E. Church*, 21 Wkly. Dig. 84.) The relief sought here cannot be obtained in the proceeding pending in the Supreme Court. (*Kingsport* v. *Ranson*, 29 W. V. 487; Code Civ. Pro. §§ 2070, 2082, 2083; *People* v. *Cromwell*, 102 N. Y. 476; *People* v. *Fairman*, 91 id. 385; *People* v. *Richards*, 99 id. 620; High on Inj. § 35.) No proceeding for a consolidation of the church of St. Stephen with Holy Trinity Church is now pending before the Supreme or any other court. A threatened proceeding of that kind cannot be pleaded as a bar to this action. (*F. R. P. Church* v. *Bowden*, 14 Abb. [N. C.] 357; 10 id. 1; *Isham* v. *Trustees, etc.*, 63 How. Pr. 465; *Johan* v. *Fullagar*, 14 Abb. [N. C.] 353; *Little* v. *Jayne*, 124 Ill. 123; High on Inj. § 30.) Directors of corporations may be restrained from doing acts which ordinarily would be within the scope of their authority and power, when in view of the special circumstances the performance of such acts would be in bad faith or an injury to the interests of the stockholders. (*Wright* v. *W. M. Co.*, 40 Cal. 20, 27; *Dodge* v. *Woolsey*, 18 How. [U. S.] 340.) Preliminary injunctions which only prevent the defendant from doing an act which would render the final judgment ineffectual may be granted with some readiness. (*Bronk* v. *Riley*, 50 Hun, 489; *A., etc., T. Co.* v. *Baltimore*, 14 J. & S. 421; *Haskell* v. *H. University*, 8 Barb. 174.)

Finch, J.   We reverse the order appealed from upon the ground that the facts stated in the complaint do not justify an award of the equitable relief demanded.   We do not review the discretion which grants an injunction temporarily restraining a defendant until final judgment, unless we are entirely satisfied that the plaintiff is not entitled to ultimate relief. The present action seeks to withdraw from the tribunals specially clothed with authority to determine the controversy the right to decide it, and has no adequate foundation except distrust of those tribunals.   Two religious corporations cannot consolidate unless, in the case of Episcopal churches, their agreement so to do is approved by the bishop and the standing committees of the diocese, and then by the Supreme Court to which is given the fullest and most complete discretion as to all the terms and details of the arrangement.   Before the bishop and the standing committee this plaintiff can be heard, as to every ground of complaint which he has alleged, and as to all the reasons which bear against the consolidation proposed.   It is not to be assumed that the bishop will refuse to hear any member of his flock coming with a proper and respectful protest, or will decide in any other way than upon a full view of the situation, and with an honest and deliberate purpose to do what is best for both churches.   To him, as the ecclesiastical head of the diocese, and the standing committee as his adviser and associate in the judgment, it was entirely proper that the proposed agreement of consolidation should be submitted.   But beyond that the statute requires the assent of the Supreme Court, which may demand that all parties appear before it, and will be quite sure to see that suitable notice is given and that no interested party is deprived of a hearing.   That the statute merely designates the ultimate tribunal and prescribes its authority, without specifying the practice to be pursued, does not justify an inference that it will proceed in a partial or unjust manner, or contrary to its normal rules of action.   There is no reason, therefore, why the statute remedy should not be pursued, and a court of equity is never at liberty to draw to its general jurisdiction a

question remitted to a competent and sufficient authority by express command of a statute, unless under some very exceptional circumstances, which do not exist here. (*People* v. *Wasson*, 64 N. Y. 167; *Heiser* v. *Mayor, etc.*, 104 id. 68.) The statute (Laws of 1876, chap. 176) not only provides that all parties shall be heard, but makes the agreement of consolidation the necessary preliminary to the action of the ecclesiastical authority and that of the Supreme Court. When the Common Pleas enjoined any action under that agreement, they simply obstructed the statutory remedy and stripped the bishop and the Supreme Court of jurisdiction in the specific proceeding, and drew to themselves an authority which the law had lodged elsewhere. The agreement, whether made lawfully or unlawfully, honestly or dishonestly, could harm nobody, because it bound nobody, and served only like a petition or a pleading to bring the question into court and place it before the appointed tribunal for adjudication. Equity wields the powerful process of injunction to prevent irreparable injury and is somewhat choice of the weapon. In the agreement made, whatever its character or occasion, there was no danger of harm to the plaintiff or his rights. Before the bishop, before the standing committee, before the Supreme Court, it would stand merely as a proposal, open to every kind of criticism, exposed to full inquiry, and utterly ineffectual for any purpose except to raise the question. To enjoin any proceeding under such an agreement simply forbids the statutory remedy and draws the whole inquiry and the ultimate determination of the controversy away from the appointed tribunal. The injunction averts no danger to the plaintiff, unless it be the danger of a hearing and decision before the statutory tribunal, and its sole office is to effect that result. It must, therefore, be dissolved.

Order of General and Special Terms reversed, with costs, in both courts.

All concur.

Order reversed.