## John Field v. The Town of Golconda, Theodore Steyer and James Sim.

1.  AMENDMENTS—*Without Leave of Court.*—An amendment to a pleading, without leave of court, is properly stricken from the files.

2.  EQUITY PRACTICE—*Where the Bill Presents a Question of Law.*— A bill in which the complainant alleges that he is the owner in fee of lands, but that another party has unlawfully taken possession of the same, claiming to own and control them, and has given to another the pretended right to establish and control a wharf-boat upon and adjoining thereto, and has collected large sums of money for wharfage, rents and other charges, which of right belongs to him, for which they have not accounted, presents a question of law, leaving the question of rents and profits in abeyance, and the complainant has no standing in a court of equity.

**Bill for an Accounting.**—Trial in the Circuit Court of Pope County; the Hon. OLIVER A. HARKER, Judge, presiding. Hearing and decree on demurrer to bill; error by complainants. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

GEORGE B. LEONARD, attorney for plaintiff in error.

THOMPSON & MOORE, attorneys for defendants in error.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Plaintiff in error filed his original bill April 16, 1892, to which, at the October term, 1892, a demurrer was sustained, and leave granted to amend bill. At the May term, 1893, a demurrer was sustained to the amended bill, and leave again granted to amend. On August 13, 1893, an amended bill was filed, to which, on the fourth day of the May term, 1894, a demurrer was filed, and the demurrer confessed, and leave again granted to amend. On October 9, 1894, an amended bill was filed, to which, on October 11, 1894, a demurrer was filed, and the demurrer sustained. To this last amended bill an amendment was filed October 15th, without leave of court, so far as the record discloses. A demurrer was filed to the bill as last amended. By order of court the

last amendment and the demurrer thereto were stricken from the files. The order is as follows:

"And now it appearing on this day that complainant has on file an original bill, filed April 16, A. D. 1892; also an amended bill, filed August 31, A. D. 1893; also an amended bill, filed October 9, 1894, to all of which demurrers have heretofore been sustained. Now it appears that on the 15th day of October, A. D. 1894, complainant filed an amendment to amended bill, to which a demurrer was filed on the same day. The court finds that said amendment to amended bill and the demurrer thereto were filed by mistake, and they are both hereby stricken from the files in this case. Complainant excepts. Complainant asks leave to file an amendment to the amended bill, and offers to file the same. The court denies leave to file the same, and decree is hereby entered dismissing this case, and judgment against complainant for costs is hereby entered. Complainant excepts."

It is assigned for error that the court struck from the files the amendment to the amended bill filed October 15th.

This was not error. Section 8 of chapter 6, entitled Amendments and Jeofails, is as follows:

"No process, pleading or proceeding shall be amended or impaired by the clerk or other officer of the court, or by any other person, without the order of such court, or of some other court of competent authority."

Section 9 of the same act provides that "the provisions of this act shall extend to all actions in courts of law or chancery."

No leave of court having been obtained to file said amendment, it was properly stricken from the files.

The refusal of the court to allow complainant to file an amendment to his amended bill, filed October 9, 1894, is assigned as error. The record does not show what amendment was proposed to be filed. It may have been the amendment that was stricken from the files, or it may have been some other amendment. In the absence of any showing as to what the proposed amendment was, it must be held that the court decided correctly in refusing to allow it to be made.

It is assigned for error that the court erred in sustaining a demurrer to the amended bill filed October 9, 1894.

This involves an examination of the bill as amended.

The gist of the bill is as follows: Complainant alleges that he is the owner in fee of all the lands within the corporate limits of the town of Golconda, lying between the east side of Water street and low water mark on the Ohio river; that by means of his title to said lands, which he sets out in detail, he is entitled to the quiet and peaceable possession of said thirty-eight acres of land; that the town of Golconda has unlawfully taken possession of said land, and claims to own and control the same, and has given to Theodore Steyer and James Sim the pretended right to establish and control a wharf-boat upon and adjoining said thirty-eight acres of land; that said Steyer and Sim have collected large sums of money for wharfage, rents and other charges, which of right belong to complainant, for which they have not accounted to complainant; that the amount so collected is unknown to complainant, and that he has no remedy except in a court of equity, for an accounting. To the end that the town of Golconda, Theodore Steyer and James Sim, who are made parties defendant, may be required to make full and direct answer to the same, but not under oath, that being expressly waived, complainant prays that an account may be taken under the direction of the court, and for general and special relief, as may seem meet and proper; and that the defendants, one, some, or all of them, may be decreed to account to complainant for all sums of money received by them, or either of them, as rents, use, occupation, wharfage fees, and all other sums collected by them, or either of them, as the evidence may establish.   Prays for such process as may be requisite to enforce the decree.

It will be seen from this abstract of complainant's bill, that he claims the ownership in fee, and the right of possession of thirty-eight acres of land within the corporate limits of the town of Golconda; also that the town of Golconda claims the ownership of the same land and is in possession, and has given to Theodore Steyer and James Sim, co-defendants, the privilege of a wharf-boat on and adjoining said land.

Clearly the first and essential issue to be settled is, who owns and is entitled to the possession of the land. Complainant bases his claims to the earnings of the wharf-boat, or rent for its occupation of the land, upon a claim of ownership in fee and the right of possession of the thirty-eight acres described in his bill. But he shows in his bill that the town of Golconda claims the right of ownership and is in possession. This presents a question of law. Until it is decided, the question of rents and profits is in abeyance, and rents and profits are what plaintiff in error is seeking to recover in this proceeding. No reason is shown why the remedy at law is not entirely adequate. If it is, complainant has no standing in a court of equity. Coughron v. Swift, 18 Ill. 414; Felsenthal v. Johnson, 104 Ill. 21.

No grounds for equitable relief, or of chancery jurisdiction appearing in the bill, the demurrer was properly sustained and the bill dismissed.

The judgment of the court is therefore affirmed.