ADOLPH ANDEL, County Treasurer,

*v.*

WILLIAM STARKEL *et al.*

*Opinion filed October 24, 1901.*

1. EQUITY—*party cannot resort to equity if relief at law is adequate.* A bill by a county treasurer to enjoin the members of a grand jury from collecting their certificates cannot be maintained where the facts relied upon in the bill could be set up in defense of *mandamus* or other legal proceedings to collect such certificates.

2. SAME—*when equity is not justified in taking jurisdiction to avoid a multiplicity of suits.* Equity is not justified in taking jurisdiction of a bill to enjoin *mandamus* upon the ground that a multiplicity of suits will be avoided, where complainant's allegation that he is threatened with a multiplicity of suits is denied by the answer, and the proof is positive that but one suit has been brought and that the parties having similar rights are willing to abide by the result.

Special concurrence by MAGRUDER, J.

APPEAL from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

R. W. ROPIEQUET, for appellant.

FREELS & JOYCE, for appellees.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

At the March term, 1899, of the city court of East St. Louis, an order was issued by the judge for a grand jury to serve at the following August term. The county board of St. Clair county, at its June meeting of that year, selected twenty-three persons to serve as grand jurors for said court for the same August term, and they were regularly summoned to serve as such. They appeared in answer to the summons on the first day of the term, but were discharged by the judge because they were not selected by the county board upon the request of the court. Thereupon the court ordered a venire to issue for a grand

jury to be selected by the sheriff within the limits of
the city of East St. Louis, which venire was duly issued
on August 28, and by its mandate the sheriff summoned
twenty-three persons from the city to appear on the 30th
of said month, and they duly appeared and were empan-
eled and served as grand jurors for said term.  The clerk
of the court afterwards issued to each of the persons so
served, including appellee William Starkel, a certificate,
certifying that they would be entitled to two dollars per
day for seven days, amounting to $14.  These certificates
the county treasurer, under instructions of the county
board, refused to pay, and he filed this bill against the
twenty-three holders of the certificates to enjoin col-
lection.  He charges in his bill that the grand jurors so
summoned from within the city limits were summoned
contrary to the statute, and the certificate to each mem-
ber is therefore void; that the city court had no power
to summon or empanel any grand jury; that its attempt
to do so was unconstitutional, and that the act of the
legislature providing for the payment of grand jurors of
city courts out of the county funds is unconstitutional
and void, and the holders of said certificates have no le-
gal claim to the amount therein named.  He also alleges
in his bill that the holders of the several certificates are
demanding payment thereof from him and threatening
to bring suits to compel him to pay the same; that the
defendant William Starkel filed his petition for a writ
of *mandamus* in the circuit court of St. Clair county to
compel plaintiff to pay him, and that he is threatened
with a multiplicity of suits on said certificates, all hold-
ers of which he alleges have a common interest in the
question of law and fact.  He prays for a writ of injunc-
tion against the original and unknown holders of said
certificates.  A temporary injunction was issued on the
filing of the bill, and a motion subsequently made to dis-
solve the same for want of equity upon the face of the
bill; that the court of chancery has no jurisdiction or

power to enjoin the proceeding by the defendant Starkel for *mandamus;* that there is a complete remedy at law, and that the writ was granted without notice. The motion to dissolve was overruled, and the defendants answered. They admit the facts as set up in the bill as to the discharge of the grand jury selected by the county board and the order of the judge of said court for a venire for a new grand jury to be selected from the limits of the city, and that the defendants and others were empaneled, and aver that they have not been paid their fees, and that the plaintiff, as treasurer, is indebted to them in the sum of $14 each, for their services as such grand jurors. They deny that the act of the legislature providing for the payment of jurors out of the county treasury is unconstitutional, and deny that the county board had the right to instruct the treasurer to refuse payment of said certificates. They admit the filing of the petition for *mandamus* by the defendant William Starkel, and that the same is undisposed of, but deny that any other holders of certificates are threatening to bring *mandamus* or that the plaintiff is threatened with a multiplicity of suits. They aver want of equity in the bill, deny jurisdiction to enjoin a *mandamus* proceeding, and allege that there is an adequate remedy at law. The plaintiff having filed his replication, the cause was heard, the injunction dissolved and the bill dismissed for want of equity. To reverse that decree this appeal has been prosecuted.

The appellant had a full, complete and adequate remedy at law. If the facts set up in his bill can be urged as a defense to the claim of defendants, no reason is or can be shown why they cannot be pleaded to a petition for *mandamus* or other legal proceedings to collect these certificates. "A party cannot have a footing in a court of equity where his remedy is adequate at law." (*Coughron* v. *Swift,* 18 Ill. 414; *Winkler* v. *Winkler,* 40 id. 179; *Chittenden* v. *Rogers,* 42 id. 96; *Gore* v. *Kramer,* 117 id. 176; *Chicago,*

*Burlington and Quincy Railroad Co.* v. *City of Ottawa*, 148 id. 397.) For the same reason a court of equity will not enjoin a *mandamus* or other proceeding at law. High on Injunctions, sec. 68; *Montague* v. *Dudmann*, 2 Ves. Sr. 396; *People* v. *Wasson*, 64 N.Y. 167; 14 Am. & Eng. Ency. of Law, (1st ed.) 217.

The contention on behalf of the appellant that this proceeding in chancery is justifiable on the ground that it will prevent a multiplicity of suits is untenable. It is not shown by the bill that a multiplicity of suits have been instituted. It is true, the bill alleges that the plaintiff is so threatened, but it is denied by the answer, and the proof is direct and positive that no other suits have been brought or threatened than that brought by Starkel, but that all of the parties holding certificates for services as grand jurors with Starkel were willing that their rights should be determined by the suit on his behalf. The case is therefore wholly unlike *City of Chicago* v. *Collins*, 175 Ill. 445, cited by counsel.

Other questions are discussed in the brief, but they are such as may arise in the trial of the *mandamus* proceeding, and need not, therefore, be decided now.

For the reasons stated, the decree of the circuit court is right and must be sustained.     *Decree affirmed.*

Mr. JUSTICE MAGRUDER, dissenting: I concur in the conclusion reached by this opinion and with the general tenor of the reasoning, but this court has no jurisdiction to entertain the cause unless a constitutional question is involved, and if it is involved, the constitutional question ought to be discussed and disposed of. This opinion does not do so.