(59 Misc. Rep. 256.)

STOKES v. PHELPS MISSION et al.

(Supreme Court, Special Term, New York County.   May, 1908.)

DISMISSAL AND NONSUIT—GROUNDS—WANT OF PROSECUTION.

A trustee of a charitable corporation sued in 1886 to prevent consolidation with a religious corporation.   Issue was joined in 1888, and in 1890 the case was marked on the calendar "reserved generally," and no further action was taken until 1907, when defendant moved to dismiss for plaintiff's delay.   The motion was denied on terms afterwards modified on appeal, and, no motion ever having been made to vacate or reverse the order for consolidation passed in 1887, the religious corporation having taken over the property of the charitable corporation and since administered the charity, and spent large sums of money in continuing it, plaintiff's laches in failing to promptly prosecute his action was fatal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 140, 141.]

Action by William E. D. Stokes, as trustee of the Phelps Mission, against the Phelps Mission and others to prevent the consolidation of such corporation with a religious corporation.   Dismissed.

Olin, Clark & Phelps (John C. Clark, of counsel), for plaintiff.
William L. Snyder (Theron G. Strong and Michael Kirtland, of counsel), for defendants.

FITZGERALD, J.   Upon the petition and the agreement to consolidate of the Phelps Mission, a religious corporation, and the trustees of the Eighty-Fourth Street Presbyterian Church, an order of this court was made about January 8, 1887, granting the prayer of the petitioners uniting and consolidating these two organizations into one corporation under the name of the Park Presbyterian Church.   About November 20, 1886, plaintiff, as trustee of the Phelps Mission, began an action against Henry Dale and others and the Phelps Mission.   The relief therein demanded was to enjoin the defendants "from entering

into and consummating the consolidation with the Eighty-Fourth Street Church, and from executing any conveyance or transfer of its property to it, and declaring that said corporation and its trustees are without power to make the said agreement of consolidation and to perfect the same." The complaint was amended February, 1887, and in June following plaintiff served an amended supplemental complaint, in which he asks that "the order granting consolidation be set aside, that the deed executed by the Phelps Mission to the Park Presbyterian Church be canceled, and that the trustees of the Phelps Mission be compelled to make restitution," etc. Some of the defendants demurred to the amended complaint, which demurrer was sustained at Special Term, but on appeal demurrer was overruled, with leave to answer. The defendant Phelps Mission thereafter, about September 25, 1888, served its answer to amended and amended supplemental complaint. In 1890 it was consented that the case be marked on the calendar "reserved generally." No action thereafter was taken until the defendants in the early part of 1907 moved to dismiss the complaint on the ground of plaintiff's unreasonable neglect to proceed. This motion was denied upon terms, and on appeal the order entered thereon was modified, and as modified was affirmed. Plaintiff attempts to excuse his laches, and claims that his failure to press the action to trial was due to requests made by the defendants to defer action on the ground that "the controversy would eventually be settled out of court, and there would be no necessity of publicly washing family linen and bringing out family skeletons."

The Phelps Mission was established and supported by the children, grandchildren, heirs, and next of kin of the late Anson G. Phelps and their connections by marriage, and was for many years managed and controlled by the purely voluntary services of these persons. In time, however, if the work of the Mission was to be continued, it became necessary to adopt some permanent plan for its prosecution, and under these circumstances the order above referred to was applied for. At a special meeting of the trustees of the Phelps Mission held on October 13, 1886, called specially for the purpose, a resolution favoring consolidation was adopted, according to the minutes "all voting in the affirmative excepting W. E. D. Stokes, who alone voted in the negative." There is no allegation of fraud or collusion in the complaint, and the plaintiff had full knowledge of all the proceedings. No attempt has ever been made to have the order of January, 1887, either vacated or reversed, and that order is in full force and effect, and cannot be attacked collaterally in an independent action. Reich v. Cochran, 105 App. Div. 542, 94 N. Y. Supp. 404; MacLaury v. Hart, 121 N. Y. 636, 24 N. E. 1013. It is established by the evidence that the Park Presbyterian Church took over the property of the Mission and has since continued the mission work, and during this period of 21 years has collected and expended from $70,000 to $100,000. Beyond the introduction of certain letters, plaintiff offered no evidence, and it cannot well be claimed that his action was diligently prosecuted. "It is and always has been the practice of courts of equity to remain inactive where a party seeking their interference has been guilty of unreasonable laches in making his application. Story's Eq. Jur. §

1520. The principle is stated with great force and clearness by Lord Camden in Smith v. Clay, 2 Ambl. 645: 'Nothing can call forth this court into activity but conscience, good faith, and reasonable diligence. Where these are wanting the court is passive and does nothing. Laches and neglect are discountenanced, and, therefore, from the beginning of this court, there was always a limitation to suits in this court.' " Calhoun v. Millard, 121 N. Y. 81, 24 N. E. 27, 8 L. R. A. 248.

Complaint dismissed, with costs. Settle decision and judgment upon notice.